FILED

2017 AUG 25 AM 10: 07

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNY ORELLANA,

    **Plaintiff,**

v.    CASE NO.: 8:17cv2028T17JSS

COCA-COLA REFRESHMENTS
USA, INC.,

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNY ORELLANA, by and through undersigned counsel, brings this action against Defendant, COCA-COLA REFRESHMENTS USA, INC., and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for violations of the Family and Medical Leave Act of 1993, as amended, ("FMLA"), 29 U.S.C. § 2601 et seq., the Americans with Disabilities Act of 1990, as amended, ("ADA"), 42 U.S.C. § 12101 et seq., and of the Florida Civil Rights Act of 1992, as amended, ("FCRA"), Fla. Stat. § 760.01 et seq.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 2601 et seq., and 42 U.S.C. § 12101 et seq.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida, and she worked in Brandon, Florida in Hillsborough County for Defendant.

5. Defendant operates a beverage and food company in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

10. At the time of these events, Plaintiff worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

11. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

12. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

13. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

14. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

## FACTS

15. Plaintiff began working for Defendant in August 2011 as a Human Resources Advisor II, and she worked in this capacity until May 2016.

16. In 2012, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA and was a qualified individual with a disability/handicap within the meaning of the ADA and the FCRA.

17. At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

18. In February 2016, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

19. Furthermore, Plaintiff requested an accommodation from Defendant for her disability/handicap.

20. Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation. Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

21. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's disability/handicap.

22. In May 2016, Plaintiff's employment was terminated for excessive absences from work that should have been protected by the FMLA, the ADA and the FCRA.

23. Plaintiff exercised her rights under the FMLA by requesting and taking FMLA leave.

24. Plaintiff exercised her rights under the ADA and FCRA by requesting reasonable accommodations.

25. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA, the ADA and the FCRA.

## COUNT I – FMLA INTERFERENCE

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as fully set forth herein.

27. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

28. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT II – FMLA RETALIATION

31. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 25 of this Complaint, as fully set forth herein.

32. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

33. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

34. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

35. Defendant's actions were willful and done with malice.

36. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT III – ADA VIOLATION
### (DISABILITY/HANDICAP DISCRIMINATION)

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class under the ADA.

39. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability/handicap, and/or perceived disability/handicap.

40. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant.

41. Defendant's actions were willful and done with malice.

42. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained;

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT IV—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

43. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

44. Plaintiff is disabled, or was perceived by Defendant as being disabled/handicapped.

45. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability/handicap, and shortly thereafter terminated her employment.

8

46. Defendant's actions were willful and done with malice.

47. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT V – ADA RETALIATION

48. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

9

49. As a qualified individual with a disability/handicap whom Defendant knew or perceived to be disabled/handicapped, Plaintiff is a member of a protected class under the ADA.

50. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodation under the ADA.

51. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by denying Plaintiff reasonable accommodation and terminating Plaintiff's employment.

52. Defendant's actions were willful and done with malice.

53. The adverse employment action that Defendant took against Plaintiff was material.

54. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

 a) A jury trial on all issues so triable;

 b) That process issue and that this Court take jurisdiction over the case;

 c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

 d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained;

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION
## (DISABILITY/HANDICAP DISCRIMINATION)

55. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

56. Plaintiff is a member of a protected class under the FCRA.

57. Plaintiff was subjected to disparate treatment on the basis of her disability/handicap, and/or perceived disability/handicap.

58. Defendant's actions were willful and done with malice.

59. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

11

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained;

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

### COUNT VII—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

60. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

61. Plaintiff has a disability/handicap, or was perceived by Defendant as having a disability/handicap.

62. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability/handicap, and shortly thereafter, terminated her employment.

63. Defendant's actions were willful and done with malice.

64. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of the law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT VIII – FCRA RETALIATION

65. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

66. Plaintiff is a member of a protected class under the FCRA.

67. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

68. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

69. Defendant's actions were willful and done with malice.

70. Defendant took material adverse action against Plaintiff.

71. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained;

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ___ day of August, 2017.

Respectfully submitted,

LUIS A. CABASSA
Florida Bar Number: 0053643
WENZEL FENTON CABASSA, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@ wfclaw.com
**Attorneys for Plaintiff**

15